# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Lyon Financial Services, Inc.,
d/b/a USBancorp Manifest Funding
Services,

                              Plaintiff,

v.

Rinku M. Dutt, individually and d/b/a        Civ. No. 08-4735 (RHK/JSM)
Rinku M. Dutt, M.D., Luna Eye Centers       **ORDER**
of Greensburg, PC, and Mazin Yaldo,

                             Defendants.

And

Rinku M. Dutt, individually and d/b/a
Rinku M. Dutt, M.D.,

        Cross-Claim Plaintiff,

v.

Mazin Yaldo,

        Cross-Claim Defendant.

And

Rinku M. Dutt, individually and d/b/a/
Rinku M. Dutt, M.D.,

        Third-Party Plaintiff,

v.

Banner Physicians Capital and Alex
Punjari,
        Third-Party Defendants.

_____

John D. Docken, Troy C. Kepler, Marshall, Minnesota, for Plaintiff.

Kathryn J. Bergstrom, Jeremy L. Johnson, Gray, Plant, Mooty, Mooty & Bennett, P.A.A, Minneapolis, Minnesota, for Defendants Rinku M. Dutt, M.D., and Luna Eye Centers of Greenburg, PC.

Douglas L. Elsass, Adam A. Gillette, Fruth, Jamison & Elsass, PLLC, Minneapolis, Minnesota, for Defendant Banner Physicians Capital.

## INTRODUCTION

This matter is before the Court on the Motion of Third-Party Defendant Banner Physicians Capital ("Banner") to dismiss this case for improper venue or, in the alternative, to transfer it to the United States District Court for the Western District of Pennsylvania. For the reasons set forth below, the Court will grant the Motion in part and deny it in part and transfer this action to the Western District of Pennsylvania.

## BACKGROUND

This action arises out of a July 11, 2007 Equipment Finance Agreement (the "Agreement") between Banner, a brokerage firm with its principal place of business in New York, and Defendant Rinku M. Dutt, M.D., a Pennsylvania ophthalmologist. Banner assigned its rights under the Agreement to Plaintiff Lyon Financial Services, Inc., d/b/a U.S. Bancorp Manifest Funding Services ("Lyon"), a Minnesota corporation with its principal place of business in Marshall, Minnesota.

On June 13, 2008, Lyon sued Dutt in Minnesota state court for breaching the Agreement. Lyon also named as Defendants two of Dutt's guarantors: Luna Eye Centers of Greensburg, PC ("Luna"), a Pennsylvania company that provides ophthalmic medical services; and Mazin Yaldo, a Michigan ophthalmologist. On July 18, 2008, Defendants

removed the action to this Court. Dutt then filed cross-claims against Yaldo, alleging that he fraudulently induced her to sign the Agreement. She later filed third-party claims making similar allegations against Banner and Alex Punjari, a Kentucky resident.

Banner now moves to dismiss for improper venue, arguing that the events giving rise to this litigation occurred in Pennsylvania. In the alternative, Banner argues that the Court should transfer this action to the Western District of Pennsylvania, a purportedly more convenient forum for the parties and witnesses.

**ANALYSIS**

At the outset, the Court notes that it is unclear from the moving papers whether Banner seeks to dismiss this case in its entirety or, rather, seeks to dismiss only Dutt's third-party claims. Regardless, dismissal would be improper in either instance. As a third-party defendant, Banner lacks standing to challenge venue in the main action. See, e.g., Stronghold Sec. LLC v. Sectek, Inc., Civ. No. AMD 08-233, 2008 WL 4615009, at *2 (D. Md. Oct. 17, 2008) ("third party defendants do not have standing to challenge the venue of the primary action"); One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp., 312 F. Supp. 2d 824, 828-29 (E.D. Va. 2004) (same). Banner similarly lacks standing to challenge the venue of Dutt's third-party claims. See Gundle Lining Constr. Corp. v. Adams County Asphalt, 85 F.3d 201, 209-10 (5th Cir. 1996) ("[S]tatutory venue limitations have no application to [third-party] claims even if they would require the third-party action to be heard in another district had it been brought as an independent action.") (quoting 6 Charles Alan Wright et al., Federal Practice & Procedure: Civ. 2d,

§ 1445, at 348 (2d. ed. 1990)). [1] Notably, Dutt raised these arguments in her response to Banner's Motion (see Dutt Mem. at 9-11), and Banner did not address them in its Reply, effectively conceding that it lacks standing to move to dismiss for improper venue. Accordingly, this portion of Banner's Motion must be denied.

Nevertheless, an impleaded defendant *can* move to transfer under 28 U.S.C. § 1404(a). See, e.g., Stronghold Sec., 2008 WL 4615009, at *2; One Beacon Ins., 312 F. Supp. 2d at 829. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court faced with a motion under this statute, therefore, must undertake a two-part inquiry. "The initial question . . . is whether the action might have been brought in the proposed transferee district. If so, the Court must [then] consider the convenience and interest of justice factors." Totilo v. Herbert, 538 F. Supp. 2d 638, 639-40 (S.D.N.Y. 2008). Insofar as no party has argued that this action "might [not] have been brought" in the Western District of Pennsylvania, the Court must only consider the second question, namely, whether the convenience of the parties, the convenience of the witnesses, and the interests of justice favor transfer. See Terra Int'l, Inc., v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). The Court concludes that this question must be answered in the affirmative.

---

[1] It might seem harsh to preclude an impleaded defendant from arguing that venue is improper, but such a defendant is not without remedy when haled into a distant forum – it can move to dismiss for lack of personal jurisdiction or move to transfer venue (as Banner has done here) under 28 U.S.C. § 1404(a).

First, the convenience of the parties favors transfer. There will be some inconvenience to the parties no matter where this action is tried, insofar as persons and entities from Pennsylvania, Minnesota, New York, Kentucky, and Michigan are involved. Nevertheless, two parties in this case (Dutt and Luna) reside in Pennsylvania, and Banner's principal place of business is in New York, an adjacent state. The other parties, save Lyon, are closer to the Western District of Pennsylvania than they are to the District of Minnesota. And while Lyon is a Minnesota corporation, it has expressly stated that it "takes no position" on Banner's Motion. (Lyon Mem. at 1.) On balance, therefore, the convenience-of-the-parties factor militates in favor of transfer.

Second, the convenience-of-the-witnesses factor favors neither party. In analyzing this factor, "the court focuses its attention on the location of non-party witnesses," since it is assumed that "witnesses under the control of the parties will appear voluntarily in either jurisdiction." Cent. States, Se. & Sw. Areas Pension Fund v. Davidson, No. 06 C 6979, 2007 WL 722889, at *2 (N.D. Ill. Mar. 8, 2007); accord, e.g., Cont'l Airlines, Inc. v. Am. Airlines, Inc., 805 F. Supp. 1392, 1397 (S.D. Tex. 1992). No party has identified non-party witnesses who will be called upon to testify in this case or who will be subject to the discovery process.

Third, the interest-of-justice factor favors transfer. When analyzing this factor, the relevant considerations are:

> (1) judicial economy, (2) the plaintiffs' choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine local law.

Prod. Fabricators, Inc. v. CIT Commc'ns Finance Corp., Civ. No. 06-537, 2006 WL 2085413, at *3 (D. Minn. July 25, 2006) (Kyle, J.) (citing Terra Int'l, 119 F.3d at 696). It is true that Lyon's choice of its home forum is entitled to some deference. See Facilitec Corp. v. Omni Containment Sys., LLC, Civ. No. 03-3187, 2003 WL 21781914, at *1 (D. Minn. July 31, 2003) (Kyle, J.).[2] Nevertheless, several other interest-of-justice factors militate in favor of transfer. The costs of litigation will be lower in the Western District of Pennsylvania than in the District of Minnesota, insofar as a greater number of parties are located there or are closer to that district. Presumably, many of the documents necessary for litigation will be found there, providing for easier access to sources of proof. Lyon will be unable to enforce a judgment against Dutt or Luna in Minnesota, as each resides in Pennsylvania. And the locus of the operative events is in Pennsylvania, where Dutt signed the Agreement, where the equipment she financed thereunder was delivered, and where the purported misrepresentations inducing Dutt to sign the Agreement were made.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Banner's Motion to Dismiss or, in the Alternative, to Transfer Venue (Doc. No. 13) is **GRANTED IN PART** and **DENIED IN PART**, and this case is

---

[2] The Minnesota forum-selection clause in the Agreement also is entitled to some weight in the analysis. Setwart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31-32 (1988). Yet, the clause – which states that Dutt "consent[s] to the jurisdiction and venue of any court in the State of Minnesota" (Compl. Ex. A.) – is permissive and not mandatory. See Dunne v. Libbra, 330 F.3d 1062, 1063 (8th Cir. 2003). Accordingly, the Court ascribes the forum-selection clause little weight. See Berry v. Soul Circus, Inc., 189 F. Supp. 2d 290, 293 n.2 (D. Md. 2002) (when a forum-selection clause "is merely permissive, it has little effect" on the Section 1404(a) factors).

**TRANSFERRED** to the United States District Court for the Western District of Pennsylvania. The Clerk of the Court is directed to take all steps necessary to effectuate this transfer in an expeditious fashion.[3]

Date: November 25, 2008

                                                            s/Richard H. Kyle
                                                            RICHARD H. KYLE
                                                            United States District Judge

---

[3] Having concluded that oral argument on Banner's Motion will not materially assist the Court in resolving the issues raised therein, the hearing on the Motion, currently scheduled for December 4, 2008, is **CANCELED**.